**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

MARIED DEL C. GARCIA RIVERA,

DEBTOR.

CASE NO. 19-00163 (EAG)

FILED & ENTERED ON 5/14/2019

**OPINION AND ORDER**

This case is before the court upon the motion filed by debtor Maried Del C. Garcia Rivera requesting the continuation of the automatic stay under section 362(c)(3)of the Bankruptcy Code.[1] [Dkt. No. 11.] Banco Popular de Puerto Rico-Special Loans opposes. [Dkt. No. 17.]  For the reasons stated below, the debtor's motion for continuation of stay is granted and the automatic stay is continued with respect to all creditors, including Banco Popular de Puerto Rico-Special Loans.

**I. JURISDICTION**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

---

[1]Unless otherwise indicated, the terms "Bankruptcy Code," "section"and "§" refer to title 11 of the United States Code, 11 U.S.C. §§ 1010-1532, as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

**II. PROCEDURAL BACKGROUND**

On January 16, 2019, the debtor filed a voluntary petition for relief under chapter 13. [Dkt. No. 1.] Prior to the filing of this case, she was a debtor in a previous chapter 13 case dismissed on November 14, 2018 for failure to make payments under the terms of a confirmed plan. [Case No. 16-07285, Dkt. Nos. 127 & 142.]

On January 22, 2019, the debtor filed a motion requesting the continuation of the stay since this case was filed within one year of the dismissal of the prior case. [Dkt. No. 11.] On January 23, 2019, the court issued a notice and order setting the debtor's motion for continuation of the stay for a hearing to be held on February 12, 2019 in case any objections to the motion were filed timely. [Dkt. No. 16.] On February 5, 2019, Special Loans opposed the debtor's request for continuation of stay. [Dkt. No. 17.]

On February 8, 2019, the debtor and Special Loans filed a joint motion requesting the continuance of the hearing. [Dkt. No. 19.] In the joint motion, Special Loans consented to the extension of the automatic stay until the final adjudication of the matter. [Id.] The hearing was then continued to March 19, 2019. [Dkt. No. 20.] But, on March 19, 2019, the debtor and Special Loans consented in open court to a further continuance to April 24, 2019. [Dkt. No. 39.]

On April 24, 2019, the court held the hearing on the debtor's request for continuation of the stay and the opposition filed by Special Loans. [Dkt. No. 50 & 51.] The court heard testimony from the debtor at the hearing. [Id.]

**III.  APPLICABLE LAW AND DISCUSSION**

The dismissal of an individual's bankruptcy case, other than dismissal under section 707(b), followed by that individual's filing of a new case under chapter 7, 11, or 13, within a

one-year period, terminates the automatic stay, in the later case, on the 30th day after the debtor filed that case. <u>See</u>, 11 U.S.C. § 362(c)(3)(A). But, section 362(c)(3)(B) allows the possibility of continuing the stay beyond the 30-day period if a motion is filed; there is notice and a hearing; the notice and hearing are completed before the expiration of the original 30-day stay; and the debtor shows that the filing of the new case "is in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(3)(B).  The later case "is presumptively filed not in good faith" if there has not been a "substantial change in the financial or personal affairs of the debtor since the dismissal" of the prior case or "or any other reason to conclude that the later case will be concluded . . . with a confirmed [chapter 13] plan that will be fully performed." 11 U.S.C. § 362(c)(3)(C)(i)(III)(bb).

"When the prior dismissal is a chapter 13 case, there are generally two primary areas of inquiry: 1) what are the reasons why the debtor's previous plan failed, and 2) what has changed in the debtor's circumstances so that the present plan is likely to be successful." 3 Alan N. Resnick & Henry J. Sommer, <u>Collier on Bankruptcy</u> ¶ 362.06 [3][b](16th ed. 2019). "A debtor who can sufficiently demonstrate changed circumstances or other reasons for success in the present case will likely rebut any bad faith presumption." <u>Id</u>.

Special Loans opposes the continuation of the stay, arguing that the debtor seems to be in a worse financial condition than in the prior case when comparing the schedules of the two cases.  It points out that in her prior case, the debtor had difficulty complying with the terms of the confirmed plan.  As a result, there were several post-confirmation modifications, several motions to dismiss, and  the case was even dismissed and the dismissal set aside, until the case

was dismissed a second time on November 14, 2018. It also adds that the debtor is already in arrears with her proposed chapter 13 plan.

The debtor, a speech language pathologist, testified as to the reasons why the continuation of the stay is warranted and how her circumstances have changed so that she is now in a better position to comply with a chapter 13 plan.

The chapter 13 trustee was also present at the hearing and when asked in open court, he stated that he believes the debtor deserves an opportunity to reorganize and that he favors the continuation of the stay.

As for her changes in circumstances, the debtor testified as to her current financial obligations, which include a residential mortgage with Banco Popular de Puerto Rico, a commercial mortgage on her office with Banco Popular-Special Loans, utility expenses for both properties, and car payments to Toyota Credit de Puerto Rico. The debtor indicated that the reason she was not able to comply with her prior chapter 13 obligations was because the confirmed plan called for regular direct payments on both mortgages and her car, plus payments to the chapter 13 trustee. In this case, all her payments will be done through the chapter 13 trustee, except for the payment on her residential mortgage, which she will make directly to Banco Popular.

The debtor admitted to having one payment of $2,250.00 in arrears under her proposed plan because she faced unexpected emergency car expenses. But, she stated that she would make the outstanding payment at the end of the month and she would remain current with her payments thereafter.

4

She further explained that she has good reason to believe her income will increase in the near future due to an increased caseload in her ongoing professional services contracts with the Puerto Rico Department of Education and the Municipality of Guayama, and because Triple-S had recently accepted her as a provider for incoming private patients.

Finally, the debtor stated that one of the major changes from her prior case is that a change in strategy as she now intends to significantly cram down the secured claim of Special Loans.

The debtor explained she had the commercial property appraised recently taking into account that it is an old residence that suffered damages due to the passages of Hurricanes Irma and Maria in Puerto Rico during September 2017. And, that on March 11, 2019, she filed an adversary proceeding against Special Loans to pay in full through the trustee the secured portion of the claim. She submitted along the complaint an appraisal report dated January 17, 2019, which values the commercial property at $86,000.00. Thus, the proposed cram down is substantial because Special Loans' secured claim is in the amount of $116,945.05. [See Claims Register No. 7-1.]

Special Loans already answered the complaint on April 17, 2019, including an appraisal of its own that establishes a $122,000 value for the collateral as of March 28, 2017. The court acknowledges that Special Loans is challenging the validity of the debtor's appraisal report because only residential properties were used as comparison to reach the value conclusion. Yet, the appraisal report put forth by Special Loans is more than two-years old. Without making any determination now as to the value of the collateral, the court notes that the debtor is diligently

pursuing the cram down of Special Loans' secured claim. So, unlike in the prior case, the confirmation of the debtor's proposed plan hinges on the valuation of the commercial property.

Taking into account all of these changes, the court finds that the debtor overcame the presumption of lack of good faith with her present filing and extends the automatic stay with respect to all creditors. The court is of the opinion that the debtor's plan is not unreasonably optimistic and her testimony showed commitment to making it work.

**IV. CONCLUSION**

Based on the above, the debtor's motion for continuation of the stay [at Dkt. No. 11] is granted and the automatic stay is continued with respect to all creditors, including Banco Popular de Puerto Rico-Special Loans.

In Ponce, Puerto Rico, this 14th day of May, 2019.

SO ORDERED.

Edward A. Godoy
U.S. Bankruptcy Judge